# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2664
_____

United States of America

*Plaintiff - Appellee*

v.

Thomas W. Hird

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Lincoln
_____

Submitted: March 10, 2022
Filed: March 15, 2022
[Unpublished]
_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Thomas Hird, who is proceeding pro se, appeals after a jury convicted him of tax offenses and the district court[1] sentenced him to 24 months in prison. On appeal,

_____

[1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska.

Hird argues that there was insufficient evidence to support his conviction, and that the district court erred by granting the government's motion in limine and denying his pretrial motions.

Upon careful review, we conclude that the evidence presented at trial was sufficient to support Hird's conviction, despite his testimony that he did not believe he had to pay taxes on certain income, as a reasonable jury could conclude that his underreporting of income--even after being directly questioned by his tax preparer--showed willfulness. See 26 U.S.C. § 7206(1) (any person who willfully makes and subscribes any tax return which is verified by a written declaration that it is made under penalty of perjury, and which he does not believe to be true and correct as to every material matter, shall be guilty of a felony); United States v. Timlick, 481 F.3d 1080, 1082 (8th Cir. 2007) (sufficiency of evidence to sustain conviction is reviewed de novo); United States v. Spears, 454 F.3d 830, 832 (8th Cir. 2006) (appellate court does not weigh evidence or assess credibility of witnesses; appellate court will reverse only if no reasonable jury could have found defendant guilty beyond reasonable doubt).

We also conclude that the district court did not err in granting the government's motion in limine or restricting a potential witness's testimony, as Hird sought to introduce false information which was irrelevant to the willfulness inquiry, and which likely would have confused the jury. See United States v. Emmert, 825 F.3d 906, 909 (8th Cir. 2016) (evidentiary rulings are reviewed for abuse of discretion); United States v. Petters, 663 F.3d 375, 381 (8th Cir. 2011) (district court has wide latitude to exclude evidence that is repetitive, only marginally relevant, or poses a risk of confusion of the issues).

We further conclude that the district court properly rejected Hird's jurisdictional challenges. See 18 U.S.C. § 3231 (federal district courts have original jurisdiction of all offenses against the laws of the United States); Cheek v. United

<u>States</u>, 498 U.S. 192, 195, 205 (1991) (arguments that individuals were not taxpayers within the meaning of the tax laws, that wages were not income, that the Sixteenth Amendment did not authorize the imposition of an income tax on individuals, and that the Sixteenth Amendment was unenforceable were frivolous).

Finally, we conclude that the district court did not err in denying Hird's discovery motions.  <u>See</u> <u>United States v. Olivares</u>, 843 F.3d 752, 757 (8th Cir. 2016) (orders governing discovery are committed to the sound discretion of the district court; error in administering discovery rules is only reversible if prejudicial to defendant's substantial rights).

Accordingly, we affirm, and we deny Hird's pending motions as moot.

_____